**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-4021**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOHNNY LYNN BAKER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond. James R. Spencer, Chief District Judge. (3:07-cr-00435-JRS-1)

Submitted: October 28, 2009      Decided: November 6, 2009

Before WILKINSON, MICHAEL, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Steven Jay Rozan, STEVEN JAY ROZAN & ASSOCIATES, Houston, Texas, for Appellant. Dana J. Boente, United States Attorney, Samuel E. Fishel, Special Assistant United States Attorney, Elizabeth C. Wu, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Johnny Baker of possession of child pornography, in violation of 18 U.S.C.A. § 2252A(a)(5)(B) (West Supp. 2009). The district court sentenced Baker to 108 months of imprisonment and Baker now appeals. Finding no error, we affirm.

Baker argues that the district court abused its discretion in admitting evidence of Baker's possession of images and videos of child pornography that were not charged in the indictment. We review a district court's determination of the admissibility of evidence under Fed. R. Evid. 404(b) for abuse of discretion. United States v. Queen, 132 F.3d 991, 995 (4th Cir. 1997). An abuse of discretion occurs only when "the [district] court acted arbitrarily or irrationally in admitting evidence." United States v. Williams, 445 F.3d 724, 732 (4th Cir. 2006) (internal quotation marks and citation omitted).

Rule 404(b) prohibits the admission of "[e]vidence of other crimes, wrongs, or acts . . . to prove the character of a person in order to show action in conformity therewith." Fed. R. Evid. 404(b). However, such evidence is "admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake. . . ." Id. Rule 404(b) is an inclusionary rule, allowing evidence of other crimes or acts to be admitted, except

2

that which tends to prove only criminal disposition.  See Queen, 132 F.3d at 994-95.

For such evidence to be admissible, it must be "(1) relevant to an issue other than the general character of the defendant; (2) necessary to prove an element of the charged offense; and (3) reliable."  United States v. Hodge, 354 F.3d 305, 312 (4th Cir. 2004) (citing Queen, 132 F.3d at 997). Additionally, the probative value of the evidence must not be substantially outweighed by its prejudicial effect.  Id. (citing Fed. R. Evid. 403).

Baker argues that the evidence of his possession of uncharged images and videos of child pornography was not relevant because there was insufficient evidence to demonstrate that the images were in fact child pornography and that he possessed the images.  However, when the relevancy of evidence depends on the fulfillment of a condition of fact, the district court "simply examines all the evidence in the case and decides whether the jury could reasonably find the condition fact . . . by a preponderance of the evidence."  Huddleston v. United States, 485 U.S. 681, 690 (1988).  We have reviewed the record on appeal and conclude that there was sufficient evidence for the jury to conclude that the uncharged images and videos contained child pornography and that Baker possessed them.

Accordingly, we affirm the judgment of the district court. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>